*195 ORDER AFFIRMING FINAL EMPLOYMENT DECISION
KATHARINE ENGLISH, Judge.
A. ISSUE PRESENTED
Petitioner—whose job as a security officer at Spirit Mountain Gaming, Inc. (Spirit Mountain Casino) was terminated during his introductory or probationary period— appeals from the decision to terminate his employment. His Petition for Judicial Review lists all of the grounds that generally are available for review of such a decision. That is, he contends the decision violates the Tribal Constitution, that It violates provisions of Tribal or federal law, that it is arbitrary, capricious, represents an abuse of discretion, or is otherwise not in accordance with applicable law, and that it is not supported by substantial evidence and is not a matter committed to the discretion of the Tribe or any Tribal Government Corporation. Although Petitioner’s Petition—set out in a form provided by the Tribal Court—lists all the available legal grounds for a challenge to a final Employment Decision, it appears that his Complaints more specifically are that the decision to terminate his employment was arbitrary and capricious, represented an abuse of discretion, and was not supported by substantial evidence. In many respects, Petitioner’s Complaints reduce to his disagreement with the facts or the interpretation of the facts relied on by his employer when his job was terminated. Petitioner simply believes that he should not have lost his job, which he says he enjoyed.
For the reasons set forth below, the Court affirms the final Employment Decision to terminate Petitioner’s employment.
R. BACKGROUND
Petitioner was employed as a security officer at Spirit Mountain Casino from June 25, 2002, until September 9, 2002. His job was terminated during his introductory period. Spirit Mountain employees generally, and in particular those who are in their introductory period, are at-will employees who may be terminated at any time for any reason.
Petitioner was given reasons, however. He was told that he had committed a gaming violation, that other employees had complained about some of his comments and his demeanor, that he had not responded appropriately-to an accident that occurred in the casino parking lot, that he seemed to exhibit a “trend of racial profiling” toward at least some African-American casino patrons, and that, when confronted with these incidents, he blamed his supposedly inadequate training and generally failed to improve his performance.
C. STANDARD OF REVIEW
The Tribe’s Employment Action Review Ordinance, Tribal Code section 255.5(d)(8), provides that the Court may reverse a Final Employment Decision, in whole or in part, if the employee’s substantial rights have been denied because the decision: (A) violates applicable provisions of the Tribal Constitution; (B) violates applicable provisions of Tribal law; (C) is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with applicable law; or (D) is not supported by substantial evidence in the record. The Ordinance also provides that Spirit Mountain is an agency or instrumentality of the Tribe. Tribal Code section 255.5(a)(2).
*196 I). ANALYSIS
Because Petitioner was still in his introductory period when his job was terminated, and because the employee handbook provides that a decision to terminate the employee’s employment can be made at any time for any reason, it may be doubtful whether any employee in Petitioner’s position ever could prevail on appeal from a decision to terminate employment absent some procedural or due process claim or based on a showing that the employer relied on a legally impermissible reason for its decision. Petitioner here advances no such claim. However, the Court need not base its determination in this case on Petitioner’s status as an at-will employee. Assuming that claims based on lack of sub-stantia] evidence, abuse of discretion, and arbitrary and capricious decision-making are available to Petitioner, he still cannot prevail because Spirit Mountain’s decision fails none of those tests.
It bears emphasis that the Court’s scope of review is quite limited. The applicable standard of review “is narrow and the reviewing Court may not substitute its judgment for that of the agency [or employer].’” In the Matter of Reyn Leno, case no. C-99-10-001, opinion at 6, quoting O’Keeffe’s, Inc. v. U.S. Consumer Product Safety Commission, 92 F.3d 940, 942 (9th Cir.1996). Under this standard, a decision is arbitrary and capricious only if it runs counter to the evidence or is “so implausible that it could not be ascribed to a difference in view.” Leno, at 6. That is, there must be a rational connection between the facts and the decision to be made. Brandon v. Tribal Council for the Confederated Tribes of the Grande Ronde Community of Oregon, 18 ILR 6139, 6140 (1991). And “substantial evidence” is “ ‘such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence.’ ” Moreland v. Spirit Mountain Casino, case no. C-00-08-001, opinion at 4, quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir.1994) (citation omitted in Moreland). Applying those narrow standards of review here leads directly to the conclusion that the Court must affirm the Final Employment Decision.
In resolving this case, the Court need not detail the facts or the factual disagreements cited by Petitioner. In essence, Petitioner asks this Court to substitute its judgment for that of the employer and to decide that the employer should not have—as opposed to could not have—terminated his employment. But, as noted, the Court’s limited standard of review does not permit the Court to substitute its judgment for the employer’s decision. And, although Petitioner may disagree with the employer’s view of the facts and with the conclusions that the employer drew from those facts, those disagreements do not demonstrate that the employer’s decision is in any respect so implausible that it cannot be ascribed to a difference in view. Furthermore, that Petitioner views the facts rather differently than Spirit Mountain did does not establish that the employer’s decision was based on insubstantial evidence. Even if it may be possible here to draw more than one conclusion from the facts, reasonable minds could accept the evidence relied on by Spirit Mountain as being adequate to support and justify its decision.
In sum, Petitioner’s plea amounts to a request that the Court exercise its discretion and its judgment to reach the decision the Court would have made if it had been the employer and the decision-maker in the first instance. That is a request the Court cannot pant. The issue is not what the Court would have done if it had been *197 Petitioners employer, but whether Spirit Mountain acted arbitrarily and capriciously, abused its discretion, or made a decision not based on substantial evidence when it decided to terminate Petitioner’s employment. All those inquiries must be resolved in the employer’s favor. There is nothing arbitrary or capricious, outside the bounds of discretion, or irrational, about the decision to terminate a probationary employee who has—in the employer’s reasonable view based on the evidence—failed to follow pertinent rules and procedures, had problems with other employees, exhibited racial bias toward some patrons, and, when confronted with those problems, inaccurately blamed his training and generally failed to improve his work performance. The Court understands that Petitioner disagrees with that view of the facts and with the conclusions that the employer drew from them. As explained above, however, it is not the Court’s role to weigh Petitioner’s view of the facts against the employer’s or to substitute its judgment for that of the employer. That is what Petitioner seeks, but it is not what the Court can do under its limited scope of review.[1] Because Spirit Mountain’s decision easily passes muster under the applicable standard of review, this Court affirms.
E. CONCLUSION
For the reasons given above the Final Employment Decision is affirmed.

. Nothing said in this Opinion should be taken to suggest that, if the Court were free to substitute its judgment for that of Spirit Mountain, the Court necessarily would disagree with the employer’s decision. The point is that the decision is simply not one that the Court has any authority or ability to set aside or modify unless there is a legal error in the employer’s decision.